IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Civil No. 4:20-cv-00298 |
| Plaintiff, ) | |
| ) | |
| v. ) | VERIFIED COMPLAINT FOR |
| ) | FORFEITURE *IN REM* |
| $15,500.00 IN U.S. CURRENCY, ) | |
| MORE OR LESS, ) | |
| ) | |
| Defendant. ) | |

Plaintiff, United States of America hereby files and serves this VERIFIED COMPLAINT IN REM and alleges as follows:

## I.   NATURE OF THE ACTION

1. This is an action to forfeit and condemn specific property to the use and benefit of the United States of America ("Plaintiff") due to its involvement in violations of 21 U.S.C. § 846 (attempt and conspiracy) and § 841(a)(1)(prohibited acts).

2. The United States believes the Defendant $15,500, more or less, is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6), as money or a thing of value furnished or intended to be furnished by a person in exchange for a controlled substance, in violation of subchapter I – Control and Enforcement, of Chapter 13 – Drug Abuse Prevention and Control, and Title 21 – Food and Drugs, of the United States Code, and proceeds traceable to such an exchange, and money used or intended to be used to facilitate any violation of said subchapter.

## II. **DEFENDANT *IN REM***

3. The Defendant property is generally described as $15,500.00 in U.S. Currency, more or less, turned over to law enforcement on or about January 8, 2019 in Des Moines, Iowa.

4. The Defendant $15,500.00, more or less, is in the custody of the Iowa Department of Public Safety.

## III. **JURISDICTION, VENUE, AND PROCEDURAL AUTHORITY**

5. This Court has jurisdiction over an action commenced by the United States as Plaintiff, pursuant to 28 U.S.C. § 1345.

6. This Court has original jurisdiction over this action for the recovery or enforcement of a fine, penalty, or forfeiture incurred under an Act of Congress, pursuant to 28 U.S.C. § 1355(a).

7. This Court also has jurisdiction over this action because acts or omissions giving rise to this civil forfeiture occurred in the Southern District of Iowa, therefore, this action may be brought in this District, pursuant to 28 U.S.C. § 1355(b)(1)(A).

8. Venue is proper in this District because this is a civil proceeding for the recovery of a pecuniary fine, penalty, or forfeiture, and is being prosecuted in the District where the action accrues and where the Defendant property is found, as authorized by 28 U.S.C. § 1395(a) and (b).

9. Venue is also generally proper in this District under 28 U.S.C. § 1391(b)(2) because it is where "a substantial part of the events or omissions giving

rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated."

10.   The general rules for civil forfeiture proceedings are set forth in 18 U.S.C. § 983.

### IV.   FACTS

11.   The "Controlled Substances Act" was enacted by Congress as Title II of the "Comprehensive Drug Abuse Prevention and Control Act of 1970," Pub.L. No. 91-513, 84 Stat. 1236 (1970) (codified at 21 U.S.C. §§ 801-904).

12.   The term "controlled substance" is defined in 21 U.S.C. § 802(6) to mean a drug or other substance, or immediate precursor, included in any of the five schedules of such substances set forth in subchapter I of Title 21.

13.   Schedule II substances have a high potential for abuse, but the drugs or substances have a currently accepted medical use in treatment in the United States or a currently accepted medical use with severe restrictions.  Abuse of Schedule II controlled substances may lead to severe psychological or physical dependence. 21 U.S.C. § 812(b)(2)(A) – (C).

14.   Methamphetamine, contracted from N-methylamphetamine, is a potent central nervous system stimulant that is mainly used as a recreational drug and less commonly as a treatment for attention deficit hyperactivity disorder and obesity. It is rarely prescribed over concerns involving human neurotoxicity and potential for recreational use as an aphrodisiac and euphoriant, among other concerns, as well as the availability of

safer substitute drugs with comparable treatment efficacy. In low to moderate doses, methamphetamine can elevate mood, increase alertness, concentration and energy in fatigued individuals, reduce appetite, and promote weight loss. At very high doses, it can induce psychosis, breakdown of skeletal muscle, seizures and bleeding in the brain. Chronic high-dose use can precipitate unpredictable and rapid mood swings, stimulant psychosis and violent behavior. Methamphetamine is known to possess a high addiction liability and high dependence liability.

15. Methamphetamine is a Schedule II controlled substance under the Controlled Substances Act.

16. It is a federal crime for unauthorized persons to distribute methamphetamine, or for any person to distribute methamphetamine for recreational purposes.

17. The Defendant $15,500, more or less, involved in this case is the proceeds of a conspiracy between numerous, unauthorized persons to illegally distribute methamphetamine in the Southern District of Iowa in approximately 2019.

18. On April 17, 2019, JUAN BERNARDO LIMON, PEDRO ALEJANDRO RODRIGUEZ, ASHLEY MARIE RODRIGUEZ, and CLARENCE EDWIN THOMAS were indicted by a grand jury in the U.S. District Court for the Southern District of Iowa on charges of conspiracy to distribute methamphetamine, a Schedule II controlled substance, from a date unknown, but at least as early as January 8, 2019, until March 20, 2019, in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

19. JUAN BERNARDO LIMON, PEDRO ALEJANDRO RODRIGUEZ, and ASHLEY MARIE RODRIGUEZ were also charged with distribution of methamphetamine on or about February 7, 2019.

20. JUAN BERNARDO LIMON and PEDRO ALEJANDRO RODRIGUEZ were also charged with distribution of methamphetamine on or about February 26, and March 20, 2019.

21. PEDRO ALEJANDRO RODRIGUEZ and ASHLEY MARIE RODRIGUEZ were also charged with possession with intent to distribute methamphetamine on or about March 20, 2019.

22. CLARENCE EDWIN THOMAS was also charged with possession with intent to distribute methamphetamine on or about March 20, 2019.

23. The above-referenced conspiracy involved an estimated 16,475.89 grams, or 16.48 kilograms, of ice methamphetamine which the members of the conspiracy illegally distributed for money to other people in the Des Moines, Iowa area.

24. On or about July 9, 2019 ASHLEY MARIE RODRIGUEZ entered into a Plea Agreement in the above-referenced criminal case, in which she pled guilty to the conspiracy count, and agreed to forfeit $5,065 in drug proceeds generated by the conspiracy.

25. ASHLEY MARIE RODRIGUEZ travelled with, and assisted, PEDRO ALEJANDRO RODRIGUEZ in distributing methamphetamine in the Des Moines Area. On March 20, 2019, law enforcement seized 10,111 grams (net weight) of

methamphetamine from the conspiracy they had stored at the apartment where she and PEDRO ALEJANDRO RODRIGUEZ lived.

26.   On or about July 18, 2019 PEDRO ALEJANDRO RODRIGUEZ entered into a Plea Agreement in the above-referenced criminal case, in which he pled guilty to the conspiracy count, and agreed to forfeit $5,065 in drug proceeds generated by the conspiracy.

27.   In 2019, PEDRO ALEJANDRO RODRIGUEZ knowingly distributed pound quantities of methamphetamine in the Des Moines area, as part of the conspiracy.

28.   On March 20, 2019, law enforcement seized 10,111 grams (net weight) of methamphetamine from the conspiracy that PEDRO ALEJANDRO RODRIGUEZ had stored at the apartment in Johnston, Iowa where he and ASHLEY MARIE RODRIGUEZ lived.

29.   On March 20, 2019, law enforcement officers also seized the following indicia of the methamphetamine distribution conspiracy from the RODRIGUEZ's apartment:

    a)   12 plastic wrapped bundles containing approximately 7,983 grams of methamphetamine;

    b)   Digital scale;

    c)   Colt AR-15 with magazine and ammunition;

    d)   Vanguard. 300 Win Mag rifle;

    e)   Century Arms 7.62X39;

    f)    Box with miscellaneous ammunition and magazines;

    g)    One plastic 5-gallon bucket containing a bag of loose crystalline methamphetamine, approximately 3,002 grams;

    h)    $5,065 in cash;

    i)    Springfield Armory XDS, .45 ACP;

    j)    .45 caliber magazines and ammunition;

    k)    MoneyGram receipt; and

    l)    Winchester Model 1300 20 gauge shotgun.

30. Scales, cash, and firearms are all common indicia of illegal drug-dealing.

31. On or about July 18, 2019, JUAN BERNARDO LIMON entered into a Plea Agreement in the above-referenced criminal case, in which he pled guilty to the conspiracy count, and agreed to forfeit $8,600 and $14,477.26 in drug proceeds generated by the conspiracy.

32. JUAN BERNARDO LIMON (hereinafter "LIMON") facilitated the distribution of pound quantities of methamphetamine to persons in the Des Moines area to THOMAS, PEDRO ALEJANDRO RODRIGUEZ, and ASHLEY MARIE RODRIGUEZ, and delivered pound quantities of methamphetamine to customers himself on multiple occasions from mid-2018 through March 2019.

33. On March 20, 2019, LIMON was caught distributing methamphetamine by Iowa law enforcement officers at a Quick Trip on E. 14th Street near I-80 in Des Moines.

34. LIMON was arrested without incident, and his vehicle was lawfully searched incident to the arrest.

35. In LIMON's vehicle, law enforcement officers found the following:

   a) 2 plastic wrapped bundles of methamphetamine (approx. 4.2 pounds field test positive for methamphetamine);

   b) $7,000 in the driver's side door; and

   c) $8,600 in cash under the center cup holder.

36. On July 22, 2019, CLARENCE EDWIN THOMAS entered into a Plea Agreement in the above-referenced criminal case, in which he pled guilty to the conspiracy count, and agreed to forfeit $2,674 in drug proceeds generated by the conspiracy.

37. CLARENCE EDWIN THOMAS (hereinafter "THOMAS) received pound quantities of methamphetamine from LIMON and PEDRO ALEJANDRO RODRIGUEZ and distributed it to others in the Des Moines area.

38. THOMAS' involvement with the conspiracy to distribute methamphetamine is also corroborated by evidence gathered during a search of his residence on March 20, 2019.

39. A federal search warrant was executed for the residence in the 3100 block of Dubuque Street, Des Moines, IA on March 20, 2019, which is where THOMAS resided with a roommate.

40. All drug trafficking-related items found by law enforcement during this search were located in THOMAS' bedroom.

41. The following items related to the conspiracy were seized from THOMAS' bedroom:

   a) Clear baggie with methamphetamine (net lab weight in total: 38.25 grams);

   b) Digital scale to measure drugs; and

   c) $2,674 cash on THOMAS' person.

42. While THOMAS was sitting in an unmarked police car while law enforcement officers were at his residence to conduct the search, he was informed of his *Miranda* rights, signed a *Miranda* waiver form, and agreed to be interviewed.

43. THOMAS admitted the following:

   a) The methamphetamine in the residence was his.

   b) THOMAS identified LIMON (who THOMAS knew as "Carlos") as THOMAS' source of methamphetamine supply.

   c) THOMAS stated that he had received pound quantities of methamphetamine from LIMON on multiple occasions within the prior year.

   d) THOMAS indicated that LIMON and/or PEDRO RODRIGUEZ brought methamphetamine to him.

   e) THOMAS admitted to selling methamphetamine to customers.

44. When THOMAS was arrested on April 19, 2019, he was read his *Miranda* rights, and presented a written *Miranda* form, which he read and signed, agreeing to speak with law enforcement officers.

45. In a post-*Miranda* interview, THOMAS knowingly volunteered the following:

    a) He had been moving methamphetamine for LIMON for several months; and

    b) LIMON would provide him with between a quarter pound and one pound of methamphetamine to sell to others.

46. THOMAS paid LIMON $10,000 per pound for methamphetamine.

47. THOMAS was previously charged with possession of methamphetamine with the intent to deliver in 1997, but the charge was dismissed as part of a plea bargain, when he pled guilty to burglary and related charges.

48. THOMAS was convicted of possession of marijuana in 1996, of possession of methamphetamine with the intent to deliver in 2000, and of possession of a controlled substance with the intent to deliver in 2004.

49. On January 8, 2019, THOMAS, at 3123 Dubuque Street, Des Moines, Iowa, near the Iowa State Fairground, provided an unindicted member of the conspiracy with three bundles of U.S. Currency, totaling $15,500, which were proceeds of methamphetamine sales and were to be delivered to LIMON.

50. This $15,500 is the Defendant property.

51. LIMON had previously "fronted" methamphetamine to THOMAS, meaning LIMON provided methamphetamine to THOMAS up front to sell, and required payment after the methamphetamine had been sold.

52. THOMAS owed LIMON money for prior deliveries of methamphetamine, and a note on the bundles of money given to the unindicted

conspirator indicated $46,100 owed, minus $15,500 paid, and a balance owed by THOMAS to LIMON of $30,600 for methamphetamine that had been fronted to THOMAS.

53. The unindicted conspirator picked up drug money from THOMAS to deliver to LIMON approximately four other times.

54. The largest amount the unindicted conspirator picked up from THOMAS for LIMON was approximately $17,500 in approximately December 2018.

55. The unindicted conspirator turned the Defendant $15,500 over to an agent of the Iowa Department of Narcotics Enforcement (DNE), which was monitoring the transaction, but told LIMON he had been stopped by law enforcement and the money had been seized.

56. The Defendant $15,500 was later placed in the custody of the Iowa DPS for storage, and it remains in DPS custody.

57. Based on the fact herein, and others, the Defendant $15,500 in U.S. currency turned over to law enforcement on January 8, 2019 constitutes proceeds of methamphetamine sales, and payment for the acquisition of methamphetamine by THOMAS from LIMON, and is therefore forfeitable under federal law.

## V. COUNT ONE
### (FORFEITURE UNDER 21 U.S.C. § 881(a)(6))

58. Plaintiff repeats and realleges each and every allegation set forth above.

59. The government believes the facts pled above prove, by a preponderance of the evidence, that the Defendant $15,500, more or less, constitutes moneys or other things of value furnished or intended to be furnished in exchange for a controlled

substance, were proceeds of, and/or were used or intended to be used to facilitate one or more violations of 21 U.S.C. § 841 and § 846 et seq.

60. As a result of the foregoing, the Defendant property is liable to condemnation and to forfeiture to the United States for its use, in accordance with 21 U.S.C. § 881(a)(6).

### CLAIM FOR RELIEF

WHEREFORE, the United States prays that the Defendant $15,500, more or less, be forfeited to the United States and that it be awarded its costs and disbursements in this action and for such other and further relief as the Court deems proper and just.

Respectfully submitted,

Marc Krickbaum
United States Attorney

By: /s/ Craig Peyton Gaumer
Craig Peyton Gaumer
Assistant United States Attorney
U. S. Courthouse Annex, Suite 286
110 East Court Avenue
Des Moines, Iowa 50309
Tel: (515) 473-9317
Fax: (515) 473-9292
Email: craig.gaumer@usdoj.gov

## VERIFICATION

I, Benjamin Metzger, hereby verify and declare under penalty of perjury that I am a Special Agent with the Iowa Department of Narcotics Enforcement (DNE), and that I have read the foregoing Verified Complaint and know the contents thereof and the matters contained in the Verified Complaint are true to my own knowledge, except for those matters not within my own personal knowledge and as to those matters, I believe them to be true.

The sources of my knowledge and information and the grounds for my belief are the official files and records of the DNE, and the United States, and other law enforcement agencies working in this matter, including information provided to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Special Agent with the DNE.

Dated: September 28TH, 2020.

Benjamin Metzger, Special Agent
Iowa Department of Narcotics Enforcement